# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SILCOTEK CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>ENTECH INSTRUMENTS, INC.,<br><br>      Defendants. | Civil Action<br><br>No.  2:15-cv-01531-JFC<br><br>Hon. Joy Flowers Conti<br><br>***Electronically Filed*** |

## DEFENDANT ENTECH INSTRUMENTS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

la-1372201

## I. INTRODUCTION

Defendant Entech Instruments, Inc. ("Entech") moves to dismiss or transfer venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). Entech's Motion to Dismiss, or in the Alternative, to Transfer Venue ("Motion") is not untimely because the case has been stayed since February 16, 2016, and was only recently reopened on January 30, 2018. Indeed, Entech has yet to answer or otherwise respond to Plaintiff SilcoTek Corporation's ("SilcoTek") Complaint. Moreover, Entech's venue objection was not available until the United States Supreme Court's May 22, 2017 decision in *TC Heartland LLC v. Kraft Food Group Brands LLC*, 137 S. Ct. 1514 (2017), a point the Federal Circuit made clear in *In re Micron* on November 15, 2017. 875 F.3d 1091, 1096 (Fed. Cir. 2017). There has been no activity in this case since those seminal decisions, aside from the parties' Joint Motion to Reopen the Case, which Entech joined in order to file its present Motion. Entech's venue challenge is therefore timely asserted.

Regarding the merits of Entech's venue objection, under *TC Heartland* and the Federal Circuit's recent guidance, venue in this District is indisputably improper. Entech is incorporated in California and has only one regular and established place of business in the Central District of California. Accordingly, the Court must dismiss the action, or in the alternative, transfer the case to the Central District of California where venue is proper.

## II. BACKGROUND

SilcoTek filed its complaint against Entech on November 20, 2015, asserting infringement of U.S. Patent No. 6,511,760 ("the '760 Patent").

On February 15, 2016, Plaintiff SilcoTek filed a Request for Supplemental Examination (Application/Control No. 96/000,143) with the United States Patent and Trademark Office seeking Supplemental Examination of claims 1-15 and 17-20 of the '760 Patent. (*See* ECF

No. 14 at 1.)  Plaintiff then filed an Unopposed Motion to Administratively Close and Stay the Litigation Pending Supplemental Examination and *Ex Parte* Reexamination ("Motion to Stay") on February 15, 2016.  (ECF No. 14.)  In this Motion to Stay, Plaintiff argued that "Defendant has not yet answered the Complaint, and thus, no party will be prejudiced by a stay of the proceedings . . . ."  (*Id.* at 2.)  The Motion to Stay was granted on February 16, 2016.

On September 29, 2016, Plaintiff filed a Notice Regarding Outcome of Supplemental Examination and *Ex Parte* Reexamination, in which Plaintiff stated "[t]he parties have agreed to keep this case administratively closed to allow for the parties to review the results of the *Ex Parte* Reexamination and to engage in continued discussions."  (ECF No. 16 at 1.)

On January 20, 2017, the parties filed a Notice of *Inter Partes* Review and Stipulation to Continue to Keep the Present Litigation Administratively Closed and Stay the Litigation until *Inter Partes* Review IPR2017-00354 Is Completed ("Stipulation to Keep Closed and Stay Litigation").  (ECF No. 19.)  In the stipulation, the parties emphasized that "[t]he present litigation is in a very early stage" and that "Defendant has yet to file an Answer."  (*Id.* at 2.)  Furthermore, the parties stated "[t]here is clearly no prejudice that would result from a stay because the Parties have agreed to the stay and may still engage in settlement discussions and enter into a settlement of the dispute during the IPR."  (*Id.* at 5; *see also id.* at 3 ("A stay will not unduly prejudice or present a clear tactical advantage to either party.  This is clearly true as both Parties agree to the stay.").)  The Court granted the Stipulation to Keep Closed and Stay Litigation on January 23, 2017.  (ECF No. 20.)

On May 22, 2017, the United States Supreme Court issued its decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017).

On July 6, 2017, Plaintiff SilcoTek filed a Notice Regarding Outcome of *Inter Partes*

- 3 -

la-1372201

Review.  (ECF No. 21.)  In the notice, Plaintiff explicitly stated, "SilcoTek is not seeking to reopen the litigation at this time[.]"  (*Id.* at 1.)

On November 15, 2017, the Federal Circuit issued its decision in *In re Micron*, resolving a split of authority among district courts.  *In re Micron* conclusively established that "[t]he Supreme Court changed the controlling law when it decided *TC Heartland* in May 2017," *id.* at 1099, and that as a matter of law, "[t]he venue objection was not available until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or to transfer for lack of venue," *id.* at 1096.  Therefore, waiver under Federal Rules of Civil Procedure 12(g)(2) and (h)(1)(A) does not apply for a defendant asserting venue defenses based on the Supreme Court's *TC Heartland* decision.  *Id.* at 1094.

The parties filed a Joint Motion to Reopen the Case on January 24, 2018, stating that "[a]lthough the parties have been engaged in discussions regarding potential resolution of this matter, the Parties jointly request the Court reopen the case, as settlement discussions have proved unsuccessful."  (ECF No. 22 at 1.)  The Court granted the motion on January 30, 2018, setting the deadline for Entech "to respond to the Complaint" for February 26, 2018.  (ECF No. 23 at 1.)

### III. LEGAL STANDARD

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The patent venue statute provides that venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b); *see TC Heartland*, 137 S. Ct. at 1516.

*TC Heartland* reaffirmed that a domestic corporation "resides" only in its state of incorporation for the purposes of the first prong of § 1400(b). 137 S. Ct. at 1520. In determining whether a defendant has a "regular and established place of business" in this district under the second prong of § 1400(b), the Federal Circuit recently clarified that "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.*

Traditionally, when deciding a Rule 12(b)(3) motion to dismiss for improper venue, a court must accept as true the allegations in the complaint, although the parties may submit affidavits to support their positions. *Vangura Kitchen Tops, Inc. v. C & C North America, Inc.*, No. 08cv1011, 2008 WL 4540186 (W.D. Pa. Oct. 7, 2008). In a motion to dismiss for improper venue, the defendant, as the moving party, bears the burden of showing that venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982); *Lewis v. Commonwealth of Pennsylvania*, No. 06-1162, 2007 WL 1247076, at *2 (W.D. Pa. Apr. 5, 2007).

IV.  ARGUMENT

    A.  **Venue Challenge Is Not Untimely**

Entech has not yet answered the Complaint—a fact emphasized multiple times in SilcoTek's own Motion to Stay (ECF No. 14 at 2 (Plaintiff arguing that "Defendant has not yet answered the Complaint, and thus, no party will be prejudiced by a stay of the proceedings . . . ")) and the parties' Stipulation to Keep Closed and Stay Litigation (ECF No. 19 at 2 (emphasizing that "[t]he present litigation is in a very early stage" and that "Defendant has yet to file an Answer")). Indeed, the Court's January 30, 2018 Order explicitly states that Entech "shall have until February 26, 2018 to respond to the Complaint." (ECF No. 23 at 1.) Entech's current venue challenge is therefore not untimely.

- 5 -

### 1. SilcoTek's rejection of a stipulation to dismiss or transfer to the proper venue

In an attempt to avoid motion practice, Entech's counsel addressed the issue of improper venue with SilcoTek's counsel prior to the parties asking the Court to reopen this proceeding. As venue is clearly improper in this District under recently issued Supreme Court and Federal Circuit precedent, Entech asked SilcoTek to stipulate to a dismissal or transfer. SilcoTek refused. In explaining the basis for its refusal, SilcoTek contended that Entech waived its objection to venue. SilcoTek maintained this position even though Entech has yet to respond to SilcoTek's Complaint, and even after the Federal Circuit's *In re Micron* decision was cited to SilcoTek in correspondence regarding reopening the case and the parties' respective positions on venue.

### 2. Entech did not waive its right to challenge venue

SilcoTek's contention that Entech waived its right to challenge venue is not supported by any fact or case law. First, it was SilcoTek that requested a stay in the first instance after it sought supplemental examination of the '760 Patent at the USPTO. (*See* ECF No. 14.) SilcoTek's Motion to Stay could hardly be seen as an opportunity by which Entech was required to raise a venue challenge when SilcoTek itself was seeking to administratively close and stay the litigation prior to Entech being required to file a response to the Complaint. With respect to the Stipulation to Keep Closed and Stay Litigation, at that point, the case was already administratively closed and stayed. There was no reason for Entech to challenge venue then, especially in light of the fact that it was unclear whether the case would ever be reopened in this District. (*See, e.g.*, ECF No. 19 at 5 (stating that "[t]here is clearly no prejudice that would result from a stay because the Parties have agreed to the stay and may still engage in settlement discussions and enter into a settlement of the dispute during the IPR").)

Moreover, even if SilcoTek's Motion to Stay and the Stipulation to Keep Closed and Stay Litigation were opportunities requiring Entech to object to venue (they were not), Entech's current venue challenge is not untimely because the Supreme Court's *TC Heartland* decision is an intervening change in law. In *In re Micron*, the Federal Circuit conclusively established that "[t]he venue objection was not available until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or to transfer for lack of venue." *In re Micron*, 875 F.3d at 1096. Below is a brief timeline illustrating events in this case relative to *TC Heartland* and *In re Micron*.

| Date | Event |
| --- | --- |
| November 20, 2015 | SilcoTek filed Complaint (ECF No. 1) |
| February 15, 2016 | SilcoTek filed Motion to Stay (ECF No. 14) |
| February 16, 2016 | SilcoTek's Motion to Stay granted (ECF No. 15) |
| January 20, 2017 | Parties filed Stipulation to Keep Closed and Stay Litigation (ECF No. 19) |
| January 23, 2017 | Stipulation to Keep Closed and Stay Litigation granted (ECF No. 20) |
| **May 22, 2017** | **U.S. Supreme Court issued *TC Heartland* decision** |
| **November 15, 2017** | **Federal Circuit issued *In re Micron* decision** |
| January 19, 2018 – January 24, 2018 | Parties exchanged correspondence regarding reopening the case, Entech's intent to file this present Motion, and whether SilcoTek would stipulate to dismissing or transferring the case |
| January 24, 2018 | Parties filed Joint Motion to Reopen Case (ECF No. 22) |
| January 30, 2018 | Court granted Joint Motion to Reopen Case and set February 26, 2018 as the deadline for Entech's response to the Complaint (ECF No. 23) |

As shown in the timeline, *TC Heartland* was decided approximately fifteen months after

SilcoTek's Motion to Stay and five months after the Stipulation to Keep Closed and Stay Litigation.  Entech therefore could not have waived its objection to venue under Federal Rules of Civil Procedure 12(g)(2) and (h)(1)(A) because the objection was simply not available at the time of those filings.  *See In re Micron*, 875 F.3d at 1100.

Finally, Entech has not otherwise forfeited its venue objection based on timeliness.  *See In re Micron*, 875 F.3d at 1101 (noting a district court's inherent power to find forfeiture based on implied waiver by conduct or failure to timely and sufficiently object).  District courts have considered a number of factors in determining whether to grant a motion to dismiss for improper venue on grounds other than Rules 12(g)(2) and (h)(1)(A), such as impending trial dates, *see Treehouse Avatar LLC v. Valve Corp.*, No. 15-427, 2017 WL 5564153, at *3 (D. Del. Nov. 20, 2017) (granting motion where trial date was not set until 2019), defendant's litigation conduct post *TC Heartland*, judicial resources already expended, and prejudice to the plaintiff in "reopening a dormant venue dispute," *see Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980, 2017 WL 5630023, at *3-4 (E.D. Tex. Nov. 22, 2017) (denying motion where the defendant waited more than two months after *TC Heartland* was decided to seek dismissal and had "continued actively litigating this case").

Here, there is no impending trial date, as one has yet to be set.  Significantly, Entech has not even responded to the Complaint.  Courts have granted motions to dismiss or transfer for improper venue in cases that are much further along than this litigation.  *See, e.g.*, *FOX Factory, Inc. v. SRAM, LLC*, Nos. 3:16-cv-00506-WHO; 3:16-cv-03716-WHO, 2018 WL 317839, at *3-4 (N.D. Cal. Jan. 8, 2018) (granting motion in January 2018 and finding the case not "close to trial" when trial was scheduled for November 2018).  The only significant activity in this litigation has been SilcoTek's filing of the Complaint itself, after which the case was

administratively closed and stayed from February 16, 2016 until January 30, 2018. While the case was closed and stayed, the parties participated in proceedings at the USPTO and engaged in settlement discussions, none of which involved the Court. Thus, little judicial resources have been expended.

Furthermore, Entech has participated in no litigation conduct post *TC Heartland* aside from settlement negotiations with SilcoTek and joining the Motion to Reopen the Case in order to file this present Motion, which was filed promptly after the case was reopened on January 30, 2018. *Compare with Intellectual Ventures*, 2017 WL 5630023, at *3 (denying motion where the case was not stayed, and defendant had "continued actively litigating this case" while waiting more than two months after *TC Heartland* was decided to seek dismissal). Accordingly, Entech has in no way forfeited its venue objection based on timeliness.

### B. Venue Is Improper Under *TC Heartland*

After concluding that a defendant's venue challenge is timely, courts must then determine whether venue is proper under 28 U.S.C. § 1400(b), which provides: "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see Treehouse Avatar*, 2017 WL 5564153, at *3.

#### 1. First prong of § 1400(b): Entech does not reside in this District as it is incorporated in California

For purposes of § 1400(b), a defendant which is a domestic corporation "resides" only in its state of incorporation. *See TC Heartland*, 137 S. Ct. at 1517; *see also 3G Licensing, S.A. v. HTC Corp.*, No. 17-83-LPS-CJB, 2017 WL 6442101, at *1 (D. Del. Dec. 18, 2017). Entech is incorporated in California (*see* Declaration of Hector G. Gallegos ("Gallegos Decl.") ¶ 2, Exs. A & B), and thus indisputably does not "reside" in this District under the first prong of § 1400(b).

### 2. Second prong of § 1400(b): Entech does not have a "regular and established place of business" in this District

In determining whether a defendant has a "regular and established place of business" in this district under the second prong of § 1400(b), the Federal Circuit recently clarified that "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d at 1360.

SilcoTek has provided no basis for a good faith argument that Entech has a physical regular and established place of business in this District. SilcoTek merely alleges that Entech has transacted business in this District (ECF No. 1 ¶ 4), shipped products directly or indirectly through this District (*id.* ¶ 5), transacted business *via* the Internet with individuals in this District (*id.* ¶ 6), and supplied products in this District (*id.* ¶ 7).[1] "But courts have found that a corporate defendant 'must have more contact with [a venue] than simply doing business there[.]'" *FOX Factory*, 2018 WL 317839, at *3 (citing *Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 3387363, at *3 (W.D. Wash. Aug. 7, 2017); *Boston Sci. Corp. v. Cook Grp. Inc.*, 269 F. Supp. 3d 229, 249-50 (D. Del. 2017)).

Here, Entech has no physical place in this District, let alone a regular and established place of business. Entech has one office location in Simi Valley, CA. (Declaration of Daniel Cardin ("Cardin Decl.") ¶ 2; Gallegos Decl. ¶ 3, Ex. C.) With respect to SilcoTek's allegations that Entech supplies products to entities in this District, courts have found that "[t]he mere

---

[1] To the extent SilcoTek claims discovery is necessary, SilcoTek has presented nothing to indicate that venue discovery would change the result of the analysis. *See, e.g.*, *FOX Factory*, 2018 WL 317839, at *4 (denying plaintiff's request for venue discovery when it "offered nothing . . . that lead[ ] the Court to believe that venue discovery w[ould] change the result on the[e] issue." (citing *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1187 (N.D. Cal. 2014)) (stating further discovery would not alter the court's conclusion and finding venue not proper in the district); *OptoLum, Inc. v. Cree, Inc.*, No. CV-16-03828-PHX-DLR, 2017 WL 3130642, at *6 (D. Ariz. July 24, 2017) (exercising discretion to deny venue discovery when contrary to the "just, speedy, and inexpensive determination" of the action (citation omitted)).

presence of sales representatives" and "independent dealers in a district does not qualify as a regular and established place of business." *FOX Factory*, 2018 WL 317839, at *3 (internal quotations omitted) (citing *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, 254 F. Supp. 3d 836, 840 (E.D. Va. June 7, 2017, *mandamus denied*, 695 F. App'x 543 (Fed. Cir. 2017), *appeal filed*, No. 90-345 (Fed. Cir. filed Jan. 4, 2018)). Regardless, Entech does not have any sales representatives or other personnel in Pennsylvania. (Cardin Decl. ¶ 3.) Entech therefore does not have a regular and established place of business in this District under the second prong of § 1400(b).

Because Entech does not satisfy either prong of § 1400(b), venue is improper in this District. *See In re Cray Inc.*, 871 F.3d at 1360 ("If any statutory requirement is not satisfied, venue is improper under § 1400(b).").

### C.  As Venue is Improper, the Court Must Dismiss or Transfer this Case

Upon finding that venue is improper, the law dictates that the court "*shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

Though Entech believes that dismissal is the appropriate remedy, if the Court in its discretion finds that it would be in the interest of justice to transfer the case, the United States District Court for the Central District of California would be the appropriate transferee forum. Entech is incorporated in California and has only one regular and established place of business in Simi Valley, California, which is in the Central District of California. (*See* Gallegos Decl. ¶ 2, Exs. A & B; Cardin Decl. ¶ 2.) Thus, SilcoTek should have brought suit in the Central District of California.

## V. CONCLUSION

In view of the foregoing, Entech requests that the Court dismiss this case for improper venue, or in the alternative, transfer to the Central District of California.

Respectfully submitted,

Dated:  February 23, 2018

By: */s/ Hector G. Gallegos*
    Hector G. Gallegos, SBN 175137
    (Admitted *pro hac vice*)
    HGallegos@mofo.com
    Mehran Arjomand, SBN 180961
    (*Pro hac vice* pending)
    MArjomand@mofo.com
    MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
    Los Angeles, CA  90017-3543
    Telephone:213.892.5200
    Facsimile: 213.892.5454

    Ralph G. Fischer (PA ID No. 200793)
    Buchanan Ingersoll & Rooney PC
    One Oxford Centre, 20th Floor
    301 Grant St.
    Pittsburgh, PA 15219
    412.562.8800 (tel.)
    412.562.1041 (fax)
    ralph.fischer@bipc.com

Attorneys for Defendant
ENTECH INSTRUMENTS, INC.