IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SILCOTEK CORPORATION**, | ) | CIVIL ACTION NO. 15-1531 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **ENTECH INSTRUMENTS, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

CONTI, Chief District Judge.

Before the court is the motion of defendant Entech Instruments, Inc. ("Entech" or "defendant"), to dismiss for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative transfer the action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a). Because there was no waiver of the venue issue, the court, in which venue is not proper, will transfer this case to the Central District of California.

I. BACKGROUND & PROCEDURAL HISTORY

Plaintiff SilcoTek Corporation ("SilcoTek" or "plaintiff") instituted this action for patent infringement on November 20, 2015, and defendant was served on November 30, 2015. (ECF Nos. 1, 6). The court granted three joint motions to the extend the time for defendant's response to the complaint. (ECF Nos. 8, 11, 13). The third extension was set to expire on February 16, 2016. On February 15, 2016, however, SilcoTek filed a request for supplemental examination by the United States Patent and Trademark Office ("USPTO"), pursuant to 35 U.S.C. § 257, with respect to claim numbers 1-15 and 17-20 of the patent in suit, U.S. Patent No. 6,511,760 ("the

1

'760 Patent"). (ECF No. 14 at 1). That same date SilcoTek filed an unopposed motion to stay this case pending resolution of its request for supplemental examination as well as any *ex parte* reexamination. (ECF No. 14). The court granted that motion, stayed the matter, and ordered that plaintiff notify the court upon completion of proceedings before the USPTO. (ECF No. 15).

On September 29, 2016, SilcoTek filed a notice regarding the outcome of the supplemental examination and *ex parte* reexamination, providing that its request for supplemental examination had been granted and *ex parte* reexamination proceedings had been completed. (ECF No. 16 at 1). The *Ex Parte* Reexamination Certificate, attached as Exhibit A to the notice and issued to SilcoTek on September 20, 2016, provides with respect to the '760 Patent that "[t]he patentability of claims 1**-3, 5-15** and **17-20** is confirmed" and "Claims **4** and **16** are determined to be patentable as amended." (ECF No. 16-1 at 3). In SilcoTek's notice it stated that "[t]he parties have agreed to keep the case administratively closed to allow for the parties to review the results of the *Ex Parte* Reexamination and to engage in continued discussions. **SilcoTek will move to reopen** the litigation, if necessary, in due course." (ECF No. 16 at 1) (emphasis added).

Entech filed for *inter partes* review by the USPTO of all claims of the '760 Patent, which received a filing date of December 22, 2016, and on January 20, 2017 the parties jointly requested the continued stay of this case until completion of the *inter partes* review at IPR2017-00354, indicating that within 30 days of completion of the *inter partes* review they would notify the court and propose a schedule for this case to proceed. (ECF No. 19 at 1-2). In support of the continued stay, the parties represented that this case was procedurally in the early stages with an answer not yet filed, the *inter partes* review would likely simplify or narrow the issues to be litigated, and neither party would be prejudiced by the stay. (ECF No. 19 at 2-3). The court ordered that the stay was continued and approved the parties' stipulation. (ECF No. 20).

On July 6, 2017, SilcoTex filed a notice with this court with respect to Entech's request for

*inter partes* review, indicating that the petition for review had been denied by the Patent Trial and Appeal Board ("PTAB") on June 8, 2017. (ECF No. 21 at 1). Nevertheless, SilcoTek further affirmatively stated in its notice that "SilcoTek is not seeking to reopen the litigation at this time; however, SilcoTek will approach the Court separately to do so, if necessary, in due course." (ECF No. 21 at 1).

On January 24, 2018, the parties filed a joint motion to reopen the case. (ECF Nos. 22). The court granted the motion, (ECF No. 23), and signed the parties' proposed order providing that defendant "shall have until February 26, 2018 to respond to the Complaint." (ECF No. 22-1). On February 23, 2018, defendant responded to the complaint by filing its motion to dismiss or in the alternative transfer based on lack of venue in this court, with brief in support. (ECF No. 29; 31). Plaintiff filed its response in opposition on March 16, 2018. (ECF No. 34).

As recognized by the parties' prior stipulations and filings, this case is procedurally in the very early stages of litigation. (ECF No. 19 at 2). From the issuance on May 22, 2017 of the Supreme Court's decision in TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S.Ct. 1514 (2017), until Entech's filing the present motion on February 23, 2018, the only activity in this case has been:

- The July 6, 2017 notice filed by SilcoTek with respect to the *inter partes* review and specifically indicating it did not seek to reopen the case at that time, and thus, desired that the stay be continued; and

- The parties' January 24, 2018 joint motion to reopen the case, granted by the court.

(ECF Nos. 21, 22).

II. VENUE ANALYSIS

Entech, as the party moving to dismiss or transfer for lack of venue, bears the burden of

establishing that venue is not proper in this district. Meyers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982). The defense of lack of venue, however, is subject to waiver. FED. R. CIV. P. 12(h); 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.").

The patent venue statute specifically provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400(b). On May 22, 2017, the United States Supreme Court issued its ruling in TC Heartland holding that venue in patent actions is governed exclusively by § 1400, and that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." TC Heartland, 137 S.Ct. at 1517.

Entech asserts that venue is improper in this district under TC Heartland. Entech shows that its state of incorporation is California, (ECF Nos. 29-2; 29-3 [Declaration of Hector G. Gallegos]); 29-4 and 29-5 [corporate filing]). Accordingly, venue would be proper in this district only if Entech has both committed acts of infringement in this district and has a regular and established place of business here.

Entech contends that it does not have a regular and established place of business in this district, indicating that it has one physical office, which is located in Simi Valley, California, where it employees fifty-five individuals, and it has no employees that live or work in Pennsylvania. (ECF No. 29-2, ¶¶ 2, 3 [Declaration of Daniel Brian Cardin]).

In response to the motion to dismiss or transfer for lack of venue, SilcoTek does not anywhere address venue or contest the proposition that under TC Heartland venue is not proper in this district. The record does not support that defendant has both committed acts of infringement

4

in this district **and** has a regular and established place of business here, which is required. Accordingly, the court readily finds that venue does not lie in the Western District of Pennsylvania.

   III. WAIVER ARGUMENT

   Ordinarily, by operation of Federal Rule of Civil Procedure 12(h), the defense of improper venue is waived if not timely raised in either a motion to dismiss under Rule 12(b)(3) or in the answer. The Court of Appeals for the Federal Circuit in In re Micron Technology, Inc., 875 F.3d 1091 (Fed. Cir. 2017), held, however, that because the venue defense recognized in TC Heartland was not available under controlling precedent prior to TC Heartland, the provisions of Rule 12(h)(1) would not operate as a waiver of the defense for cases that had been subject to the prior controlling precedent.[1] 875 F.3d at 1100.

   After determining that a waiver under Rule 12(h)(1) would not occur in cases where TC Heartland made available a venue defense not previously available under longstanding precedent, the Court of Appeals for the Federal Circuit nevertheless recognized that a defendant by its conduct could otherwise waive the right to assert the venue defense, and it remanded the matter to the district court to consider whether there was another basis to find a waiver. Id.

   In re Micron does not lay down any exhaustive list, but instructs that the court, in considering whether the venue defense is otherwise waived, should consider in addition to the time from which the defense became available until when the defense is asserted, how near the matter is to trial, and whether the defendant had a "tactical wait-and-see approach bypassing of an

---

[1] This court observes that application of Rule 12(h) would not have worked a waiver in this matter in any event because the time for Entech to respond to the complaint had not expired when Entech filed its present motion.

5

opportunity to declare a desire for a different forum, where the course of proceedings might well have been altered by such a declaration [of the defense]." 875 F.3d at 1102.

Instead of contesting that venue does not lie in this district, SilcoTek asserts that Entech waived its right to assert the venue defense due to:

- Entech staying this litigation;
- Entech litigating an *inter partes* review before the USPTO:
- Entech not raising the venue defense until nine months after TC Heartland was issued.

(ECF No. 34 at 5).

First, none of the requests for stay in this court were unilaterally filed by Entech, and SilcoTek affirmatively represented to the court that the stay would not prejudice SilcoTek and SilcoTek would request for the stay to be lifted when necessary if appropriate. Second, with respect to the *inter partes* review before the USPTO, nothing in that review related to the **venue** of this stayed matter. SilcoTek did not oppose the stay of the action pending the proceedings before the USPTO or the PTAB. In fact, SilcoTek requested the stay and affirmatively represented to this court it would not be prejudiced by it.

SilcoTek's approach would have the court find that Entech should have: 1) come to this court immediately after TC Heartland issued; and 2) filed a motion requesting that the stay requested by SilcoTek be lifted only for the purpose of dismissing the case or transferring the case for lack of venue in this district. If venue is improper in this district—as it is—the court could have opened this case and transferred it to the Central District of California. Entech and presumably SilcoTek would have then filed a renewed request for stay before that district court because they both desired the stay pending resolution of proceedings before the USPTO, the PTAB, and further negotiations. That exercise would be pointless in a stayed matter that could be resolved in the other proceedings or by the parties themselves and would contradict the spirit

6

of Federal Rule of Civil Procedure 1 because it could waste judicial resources.  Simply put, if SilcoTek desired the lifting of the stay, it could have filed an earlier request to lift it and the litigation before this court could have begun in earnest.  Yet, instead, SilcoTek affirmatively represented to this court it desired that the stay continue, there would be no prejudice, and it would request the lifting of the stay at an appropriate time.

Oddly, SilcoTek argues that Entech's conduct in <u>jointly</u> requesting stays pending proceedings before the USPTO was a tactic designed to multiply the expense of the litigation and cause SilcoTek delay.  To the extent that would be true, SilcoTek was active and complicit in the conduct—SilcoTek did not oppose the requests for stay but rather filed and joined in the stay requests.

SilcoTek cites to <u>Intellectual Ventures II LLC v. FedEx Corp.</u>, Civ. Act. No. 2: 16-CV-00980, 2017 WL 5630023 (E.D. Tex. Nov. 22, 2017), <u>Cobalt Boats, LLC v. Brunswick Corp.</u>, No. 2:15cv21, 2017 WL 6034504 (E.D. Va. Dec. 4, 2017), <u>appeal docketed</u>, No. 1801376 (Fed. Cir. Jan. 4, 2018); and <u>Koninklijke Philips N.V. v. ASUSTeK Computer Inc.</u>, C.A. No. 15-1125, 2017 WL 3055517 (D. Del. July 19, 2017), to assert waiver by conduct.  These decisions relied upon are readily distinguishable.

<u>Cobalt</u> involved a motion to transfer for lack of venue <u>on the eve of trial</u>.  2017 WL 6034504, at *13. <u>Intellectual Ventures</u> involved the defendant's conduct in actively litigating the case before the district court by serving subpoenas, propounding discovery, and filing various briefing, all after <u>TC Heartland</u> was decided.  <u>Koninklijke Philips N.V.</u>, contrary to the Court of Appeals for the Federal Circuit's subsequent holding in <u>Micron</u>, determined that <u>TC Heartland</u> did not constitute an intervening change in the law.  Additionally, in <u>Koninklikjke</u> the **actively litigated** case had already proceeded past the claims construction hearing.  2017 WL 3055517, at *4 n.6.  Here, there has been no active litigation of this matter in this court, this matter is at the

7

initial stages with Entech's answer not yet due. Any "wait-and-see" approach that SilcoTek imagines with respect to Entech would not have altered the course of proceedings in this court—because the proceedings here were stayed on SikcoTek's request and agreement.

Notably, per the court's January 30, 2018 order Entech had until February 26, 2018 to respond to the complaint, and Entech did not either a) file a motion under Rule 12(b) omitting the Rule 12(b)(3) defense of lack of venue; or b) file an answer omitting that defense. Therefore, unless there is some other basis for asserting that Entech has forfeited the venue defense, it is not only timely but appropriate.

In Infinity Computer Products, Inc. v. OKI Data Americas, Inc., Civ. Act. No. 12-6797, 2018 WL 1035793 (E.D. Pa. Feb. 23, 2018), relied upon by Entech, the court addressed the issue of waiver of the venue defense where the case had been stayed. The district court determined that because TC Heartland was decided during the pendency of a stay in the case before it, the relevant time period for considering whether defendants' conduct waived their right to assert the venue defense available under TC Heartland was from the time after the stay was lifted. Infinity Computer Products determined that the defendants did not waive the right to dispute venue even where there was a five-month delay between the lifting of a stay and the assertion of the venue defense based on TC Heartland. 2018 WL 1035793, at * 5. The court observed that there had "been virtually no substantive and/or procedural litigation occurring between the lifting of the stay and the filing of the motions to transfer, aside from actions taken pursuant to [the] Court's Orders." Id.

In the case before this court, nothing of note beyond the filing of the complaint had occurred prior to the stay and Entech's timely response after lifting the stay was to file the motion to dismiss pursuant to Rule 12 for lack of venue under TC Heartland. SilcoTek suggests that the conduct of Entech's counsel in meeting and engaging in the required conference under Federal

Rule of Civil Procedure 26(f) on March 14, 2018, (ECF No. 35 at 2), after the stay was lifted, constitutes Entech's affirmative actions of litigating here. (ECF No. 34 at 14-15). That conduct occurred, however, after the motion asserting the venue defense was filed, and thus, necessarily would be irrelevant to the analysis with respect to waiver by conduct prior to asserting the defense. Moreover, the Rule 26(f) report itself indicates that Entech challenges venue, (ECF No. 35 at 4), and this court ordered the parties to file their Rule 26(f) report by April 2, 2018. (ECF No. 30).

SilcoTek attaches to its brief in opposition several additional opinions in further support of finding waiver. The court, however, finds these decisions readily distinguishable or unhelpful to the analysis here. For example, in Keranos, LLC v. Silicon Storage Technology, Inc., No. 2:13-cv-00017-RWS-RSP, report and recommendation (E.D. Tex. March 1, 2018) (unpublished) (ECF No. 34-12), the court in finding waiver specifically indicated that the stay that had been entered was not a general stay of the case, but was limited to two deadlines and therefore the defendant should have earlier raised the venue defense after TC Heartland. Automated Packaging Systems, Inc. v. Free-Flow Packaging International, Inc., No. 5:14-cv-2022, 2018 WL 400326, at *1 (N.D. Ohio Jan. 12, 2018) (ECF No. 34-13 at 3), involved a stay entered despite the plaintiff's opposition, and that stay was lifted several months prior to the Supreme Court's decision in TC Heartland. Here, the only activity in this case was the entry of a general stay requested by both parties and the filing of Entech's motion to dismiss or transfer immediately after the lifting of the stay.

SilcoTek also argues that because one of the stipulations signed by the parties that pre-dated the Supreme Court's decision in TC Heartland affirmatively stated that Entech did not waive the right to assert any defense and another stipulation between the parties, which was also signed prior to TC Heartland, did not mention waiver or the right to assert any defense, Entech

9

effectively waived the right to assert the venue defense. The TC Heartland defense, however, was not available until after these stipulations were executed. The proposed order provided by the parties to the court on January 22, 2018 in requesting to lift the stay specifically permitted Entech to file a **response** to the Complaint, and did not limit its right to assert defenses, including with respect to venue.

Ultimately, the question for this to court to resolve is whether Entech by not unilaterally seeking after TC Heartland to have this court lift the stay waived its right to assert the defense of lack of venue. On this record, the court finds that it did not.

IV. DISMISSAL OR TRANSFER

Because there is no dispute that venue does not lie in this district, and the court determines that Entech did not waive the right to assert the lack of venue defense, the question remains about the appropriate remedy. 28 U.S.C. § 1406 instructs:

> **(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). There does not appear to be any dispute that venue is proper in the Central District of California because Entech is incorporated in California, and has its only physical office in the Central District of California, in which it employs 55 individuals. (ECF Nos. 29-2; 29-3 [Declaration of Hector G. Gallegos]); 29-4 and 29-5 [corporate filing]).

Although this case procedurally is in the early stages, having been actively pending for a little over four months and with an answer still to be filed, the court recognizes that it was instituted by plaintiff over two years ago. In this posture, the court finds that in the interests of justice it should transfer the action to the Central District of California. Accordingly, the court

will deny the motion to the extent it seeks dismissal and grant the motion to transfer this action to the Central District of California.

V. CONCLUSION

Venue does not lie in this district. Entech timely filed its motion to dismiss or transfer for lack of venue, and SilcoTek did not show that Entech otherwise waived the venue defense. The court determines that venue is proper in the Central District of California and that it is in the interests of justice to transfer this case to that court rather than dismiss it. Accordingly, Entech's motion with respect to the request to dismiss this action will be denied and Entech's motion with respect to the request to transfer will be granted.

An appropriate order will follow.

Dated: April 17, 2018                                          BY THE COURT:

                                                               /s/ Joy Flowers Conti
                                                               Joy Flowers Conti
                                                               Chief United States District Judge